# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2011

Lyle W. Cayce
Clerk

No. 11-60150
Summary Calendar

KYLE P. TATE,

Plaintiff-Appellant,

v.

LYNN T. CARVEL, M.D.; DESOTO DIAGNOSTIC IMAGING, L.L.C., d/b/a CARVEL IMAGING; METHODIST LE BONHEUR HEALTHCARE and MEMPHIS RADIOLOGICAL PROFESSIONAL CORPORATION, Joint Ventures,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LYNN T. CARVEL, M.D.,

Plaintiff-Appellee,

v.

KYLE P. TATE,

Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of Mississippi
USDC 2:08-CV-57

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

No. 11-60150

PER CURIAM:[*]

Kyle P. Tate appeals from a district court judgment confirming an arbitration award.  He argues that the judgment must be vacated because of a defect in service.  However, Tate has waived this issue by not raising it in the district court, and we therefore AFFIRM.

Tate worked with his sister, Appellee Lynn Carvel.  After losing his job, Tate filed a lawsuit seeking damages for breach contract and for retaliatory termination.  Carvel filed a motion to compel arbitration.  The district court granted Carvel's motion, and the parties proceeded to arbitration under the American Arbitration Association.

The arbitration panel dismissed all of Tate's claims and awarded Carvel the expenses incurred in compelling arbitration.  Then, Carvel returned to the district court where Tate had first filed his lawsuit and filed a motion to enter judgment on the arbitration award.  Carvel served Tate directly via paper and electronic mail, as well as through Tate's attorneys of record.  Despite this notification, Tate filed no response, and the district court entered judgment on the arbitration award.

A party who fails to timely object to a court's personal jurisdiction waives the defense. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982).  This is not a case where Tate was simply unaware of the district court proceedings. To the contrary, Tate received Carvel's motion–on multiple occasions–and chose to make no objection to the form of service.  He may not make that objection now on appeal.  Moreover, to the extent Tate objects to a lack of jurisdiction, the district court retained jurisdiction to enter

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 11-60150

judgment on the arbitration award from Tate's original lawsuit. *See T & R Enter., Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1279 (5th Cir. 1980).

For the forgoing reasons, the district court's judgment is AFFIRMED.